# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# (at Lexington)

| | |
|---|---|
| **DAVID WAYNE BAILEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 14-305-DCR |
| v. | ) |
| | ) |
| **DON BOTTOM, Warden** | ) |
| **Northpoint Training Center,** | ) REPORT AND RECOMMENDATION |
| | ) |
| Respondent. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On July 29, 2014, Petitioner David Wayne Bailey filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (R. 1). After conducting its preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, on August 20, 2014, the Court ordered Petitioner to show cause why his Petition should not be dismissed as untimely and/or as procedurally defaulted. (R. 6). On August 28, 2014, Petitioner responded to the Show Cause Order. (R. 7).

On October 16, 2014, Petitioner filed a Motion seeking leave to file an amended petition to assert additional claims involving the revocation of his sex offender post-incarceration supervision. (R. 11). On October 17, 2014, the presiding District Judge granted Petitioner leave to file an Amended Petition to add additional claims. (R. 13). The Court has now conducted a preliminary review of the Amended Petition. As explained below, Petitioner's newly-asserted claims have not

---

[1] Although the Clerk of Court received and docketed the Petition on July 31, 2014, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Here, the *pro se* motion was signed by Petitioner on July 29, 2014. (*See* R. 1, at 15). Applying the prisoner mailbox rule, the Court deems the Petition to have been filed on July 29, 2014. *See Houston v. Lack*, 487 U.S. 266, 273 (1988); *see also* Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts.

been exhausted in the state courts, and therefore it will be herein recommended that the Amended Petition be dismissed without prejudice as a mixed petition while Petitioner pursues his state court remedies on his unexhausted claims.

I.      FACTS

On February 6, 2007, a Harrison County, Kentucky, grand jury returned an indictment charging Petitioner with one count of sexual abuse in the first degree for a July 20, 2006, event involving a minor victim under the age of twelve. (*See* underlying indictment).[2] Petitioner proceeded to trial, and a jury convicted him. (R. 1). On May 9, 2008, he was sentenced to a five-year term of imprisonment. (*Id*. at 1-2). The final judgment reflects Petitioner was also sentenced to a five-year term of conditional discharge,[3] and is required to register as a sex offender. Petitioner appealed, and on August 28, 2009, the Kentucky Court of Appeals affirmed the judgment of the trial court.[4] *See*

---

[2] To facilitate preliminary review, the Court obtained from the Harrison County Circuit Court Clerk's Office copies of the underlying indictment; the Harrison County Circuit Court's May 9, 2008, final judgment; the October 23, 2012, order amending final judgment; and the case history report of all court filings. The Court also obtained copies of the Kentucky Court of Appeals' decisions by searching Westlaw. The dates contained herein have been obtained either directly from the Kentucky courts' decisions on this matter or from a review of the Harrison County Circuit Court's case history ("case history").

[3] "'Conditional discharge' under KRS 532.043 is a special form of post-sentence conditional release, which applies only to those convicted of certain sex offenses. It is not to be confused with conditional discharge under KRS Chapter 533, which is imposed in lieu of incarceration." *Law v. Commonwealth*, No. 2008-CA-001288, 2010 WL 5343206, at *1 n.2 (Ky. Ct. App. Dec. 29, 2010). After the Kentucky Supreme Court ruled KRS 532.043(5) unconstitutionally placed the executive function of revocation of conditional release with the Courts, *see Jones v. Commonwealth*, 319 S.W.3d 295 (Ky. 2010), the Kentucky General Assembly revised the statute and the term "conditional discharge" is no longer used; instead, "post-incarceration supervision" is used. *See Martin v. Commonwealth*, __S.W.3d__, 2014 WL 1345281, at *2 (Ky. Ct. App. Apr. 4, 2014). Accordingly, the Court will herein refer to sex offender conditional release under KRS § 532.043 as post-incarceration supervision.

[4] The Petitioner has incorrectly identified the October 10, 2013, Harrison County Circuit Court's ruling on his Motion under Kentucky Rule of Civil Procedure 60.02/Kentucky Rule of Criminal Procedure 10.26 as being the direct appeal of his conviction. He also incorrectly cites to his prior federal court case, wherein he asserted claims under 42 U.S.C. § 1983 relating to his termination from the sex offender treatment program, as being part of his direct appeal of the underlying conviction. (R. 1, at 2); *see Bailey v. Alley*, No. 6:13-cv-00015-DLB, 2013 WL 5411092, at *1 (E.D. Ky. Sept. 26, 2013).

2

*Bailey v. Commonwealth*, No. 2008-CA-1108, 2009 WL 2633507, at *5 (Ky. Ct. App. Aug. 28, 2009). The Kentucky Supreme Court denied discretionary review on March 10, 2010. *Id*. Petitioner does not assert that he sought a writ of certiorari in the United States Supreme Court.

The case history reflects that on December 27, 2010, Petitioner sought post-conviction relief by filing a Motion to Vacate pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. On July 26, 2011, the trial court denied Petitioner's 11.42 Motion. *See Bailey v. Commonwealth*, No. 2011-CA-001498-MR, 2012 WL 353474, at *1 (Ky. Ct. App. Aug. 17, 2012). Petitioner appealed, and on August 17, 2012, the Kentucky Court of Appeals affirmed the trial court's decision. *Id*. There is no indication that Petitioner sought discretionary review from the Kentucky Supreme Court.

On November 26, 2012, Petitioner was released from imprisonment and placed on post-incarceration supervision. (R. 4, at ¶ 2). As part of his release, he was directed to complete the Kentucky Sex Offender Treatment Program. *See Bailey v. Alley*, No. 6:13-cv-00015-DLB, 2013 WL 5411092, at *1 (E.D. Ky. Sept. 26, 2013) (Petitioner's § 1983 action).[5] In August 2013, the Parole Board ultimately found Petitioner to be noncompliant with the conditions of his release, and he was returned to prison. *Id*.

On January 18, 2013, Petitioner filed in this federal court a complaint, and amendments thereto, asserting claims under 42 U.S.C. § 1983, related to his termination from the sex offender treatment program and the revocation of his conditional release. *Id*. Petitioner also sought an injunction prohibiting the defendants from further enforcement of the Kentucky Sex Offender Registration Act and from imposing certain conditions following his release. *Id*. On September 26,

---

[5] While Petitioner filed a prior § 1983 claim in this Court regarding his request for a sweat lodge during his incarceration, that case has no relevance to the current action. *See Bailey v. Isaac*, No. 11-25-ART, 2012 WL 4364088 (E.D. Ky.). The Court's reference herein to Petitioner's § 1983 action does not refer to his § 1983 case involving a sweat lodge.

3

2013, the federal court dismissed his federal claims, explaining that to the extent Petitioner seeks a finding that the state court conviction and/or revocation of his conditional release were in violation of his constitutional rights, he must proceed by filing a petition under 28 U.S.C. § 2254. *Id*.

On or about October 8, 2013, Petitioner filed a motion under Rule 60.02 of the Kentucky Rules of Civil Procedure ("CR") raising two issues: 1) the final judgment improperly contains a provision sentencing him to five years of post-incarceration supervision instead of three; and 2) he should not be subjected to the residency restriction imposed on sex offenders. (*See* R. 1-2, at 3-4 (order denying CR 60.02 Motion); state case history report). Petitioner argued that the basis for both claims was that Kentucky law did not include these conditions at the time he was charged with his offense, and they therefore should not be imposed on him. On October 10, 2013, the Harrison County Circuit Court denied Petitioner's CR 60.02 Motion, finding the conditions were properly imposed. (R. 1-2). Petitioner did not appeal.

Petitioner filed a further Rule 60.02 Motion, requesting the Court enter an order directing the Department of Corrections to continue him on post-incarceration supervision and permit him to reapply for the Sex Offender Treatment Program. (R. 1-2). On January 24, 2014, the Harrison County Circuit Court denied Petitioner's Motion, finding the revocation process for post-incarceration supervision to be an executive function, not a judicial function, and thus the court was precluded from granting the relief sought. (*Id*.). Petitioner does not appear to have appealed this decision.

On July 29, 2014, Petitioner filed the instant Petition, raising the same issues raised in his October 8, 2013, CR 60.02 Motion. On August 20, 2014, this Court ordered Petitioner to show cause why his Petition should not be dismissed as being time barred and/or procedurally defaulted.

(R. 6). In response to the Show Cause Order, Petitioner did not argue that his Petition was timely or that he had, in fact, exhausted his state court remedies. (R. 7). Instead, Petitioner argued that he has asserted a claim of actual innocence, and he also attempted to raise a new claim that his post-incarceration supervision was improperly revoked. (*Id.*).

On October 16, 2014, Petitioner filed a Motion seeking leave to file an amended petition to assert additional claims that the revocation of his post-incarceration supervision was improperly revoked in violation of his constitutional rights. (R. 11). On October 17, 2014, the presiding District Judge granted Petitioner's Motion to amend and directed the Clerk of Court to file the proposed Amended Petition in the record. (R. 13). In his Amended Petition, Petitioner sets forth three additional claims: 1) he was terminated from the Sex Offender Treatment Program, and ultimately revoked from post-incarceration supervision, in violation of his right to free speech for voicing his religious beliefs on abortion; 2) he was denied due process when the Parole Board held a final revocation hearing without providing him with counsel and without providing him an opportunity to present mitigating circumstances for his violation; and 3) "Respect for the law is a matter of the highest public interest," arguing the public interest will be best served by revoking the Parole Board's decision and reinstating his supervision. (R. 14).

## II. ANALYSIS

### A. Petitioner's Newly-Asserted Claims Regarding the Revocation of his Post-Incarceration Supervision have not been Exhausted

In his Amended Petition and supporting Declaration, Petitioner asserts that his post-incarceration supervision was revoked without due warning for asserting his religious beliefs against abortion during a group therapy session. (R. 11-1; R. 14). He also asserts that he was denied due process because he was not represented by counsel when he appeared for his final revocation hearing

and was not given an opportunity at that hearing to present mitigating circumstances. (*Id*.). In his response to the Show Cause Order, Petitioner also argued that he was not afforded the opportunity to face his accuser, a treatment program clinician, and asserted that he was denied the effective assistance of counsel during the preliminary revocation proceedings. (R. 7). Petitioner has not established, however, that he has exhausted his state court remedies with respect to his newly-raised challenges to the revocation of his post-incarceration supervision. (R. 7, 14).

It is well established that a state prisoner must first exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To be deemed properly exhausted, each claim must have been fairly presented to the state courts, including to the state's highest court. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Wagner v. Smith,* 581 F.3d 410, 414-15 (6th Cir. 2009); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner*, 581 F.3d at 414-15. "Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system, including the state court of last resort." *Hafley*, 902 F.2d at 482. "A federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *Wagner,* 581 F.3d at 415.

In the present case, Petitioner has not met his burden of demonstrating exhaustion with respect to his newly-asserted claims. Specifically, decisions regarding the revocation of sex offender

6

post-incarceration supervision are now within the exclusive purview of the Parole Board, which conducts the revocation proceedings according to the mandates of Kentucky Administrative Regulation 501 KAR 1:070. *See Jones v. Commonwealth*, 319 S.W.3d 295 (Ky. 2010). Under the regulations, the offender is notified of the violation and is also assigned a date for a preliminary hearing before an ALJ. *See* 501 Ky. Admin. Regs. 1:070 § 1(1)-(5). If the ALJ determines that there is probable cause to support the charges upon completion of the preliminary hearing, the offender is referred to the Parole Board, which conducts its own hearing limited to the administrative record, except that the offender may present new or different evidence or information than that presented at the preliminary hearing. *Id*. at § 1(6), § 3. Following the hearing, a revoked offender may petition the Board for reconsideration. *Id*. at § 4. The decision of the Board on reconsideration shall be final. *Id*. In *Jones*, the Kentucky Supreme Court stated that "[o]nly on appeal of an administrative action should the judicial branch become involved in the executive branch's legitimate exercise of its power to execute sentences." *Jones*, 319 S.W.3d at 300.

> The Kentucky Supreme Court explained that
>
> conditional discharge is similar to parole, where: "[T]he Parole Board (executive branch) sets the conditions of release, as well as the terms of supervision, after a prisoner has been sentenced by the court and has begun servicing his or her sentence. *See* KRS 439.340. Parole recognizes those justifications [for incarceration] existed at sentencing and there now exists a change of circumstances or a rehabilitation of a prisoner. [T]he power to grant parole is a purely executive function. Upon breach of a condition of parole, the parole officer seeks revocation, and an administrative hearing is held before the Parole Board. Appeals are then made to the [c]ircuit court, as with other executive, administrative appeals.

*Law v. Commonwealth*, No. 2008-CA-001288-MR, 2010 WL 5343206, at *1 (Ky. Ct. App. Dec. 29, 2010) (*quoting Jones*, 319 S.W.3d at 298 (internal citations and footnotes omitted)). Although Petitioner asserts he filed an appeal with the Parole Board, he has not demonstrated that he exhausted

his state remedies by challenging the Parole Board's determination in state court. (*See* Case No. 6:13-00015-DLB (E.D. Ky), at R. 22).

While it appears Petitioner filed a CR 60.02 Motion in the Harrison Circuit Court, seeking an Order directing the Department of Corrections to continue him on sex offender post-incarceration supervision and allowing him to reapply for the Sex Offender Treatment Program (*see* R. 1-2), this was not the proper procedure for challenging the decision of the Parole Board.[6] *See Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (petition properly dismissed for failure to exhaust state-court remedies where petitioner did not challenge decision of the Parole Board by filing a mandamus action in state court); *Carty v. Runda,* 966 F.2d 145, 1992 WL 116018, at *1 (6th Cir. 1992) (table decision) (recognizing Kentucky provides remedy for challenging actions of Parole Board via a mandamus action) (*citing Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971) (mandamus is the proper remedy for abuse of authority by a parole board in connection with revocation of parole)); *Watkins v. Howerton*, No. 3:09-09-DCR, 2009 WL 982085, at *2 (E.D. Ky. Apr. 13, 2009) (noting Kentucky provides remedy to challenge Parole Board's revocation decisions by way of a petition for writ of mandamus).

In his Motion to Amend his Petition, Petitioner argues that the Court can consider his claims regarding the revocation of his supervision because "prisoners cannot exhaust state remedies concerning parole or other administrative remedies." (R. 11-3, at 3). However, the cases Petitioner cites in support of this statement do not involve Kentucky law and are therefore distinguishable. (*See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (Oklahoma does not permit judicial

---

[6]Even if a CR 60.02 motion was the proper procedure for challenging the Parole Board's revocation of post-incarceration supervision, Petitioner has not established that he appealed the Harrison Circuit Court's denial of his Motion, and his time for doing so has expired. CR 73.02(1)(a) (notice of appeal to be filed in 30 days from judgment or order from which appealing).

review of good time credit so exhaustion not required); *Moffatt v. Director TDCJ-CID*, 390 F. Supp.2d 560, 561 (E.D. Tex. 2005) (noting petitioner not required to seek state habeas relief before filing § 2254 in federal court because Texas courts do not permit habeas review of prison disciplinary proceedings). As noted above, Kentucky law permits judicial review of a parole board's revocation decision through the filing of a petition for writ of mandamus. Thus, Petitioner's argument that he is not required to exhaust state court remedies fails.

Further, to be deemed properly exhausted, fair presentation requires that Petitioner alert the state courts to the fact that he is asserting claims under the United States Constitution. *Wagner v. Smith,* 581 F.3d 410, 414-15 (6th Cir. 2009). It is not sufficient simply for Petitioner to challenge the Parole Board's decision in state court. The Petitioner must alert the state court to the presence of the federal claim. Accordingly, it appears that Petitioner may still have a remedy available to him in state court, and Petitioner has not demonstrated that the Kentucky courts have had the opportunity to rule on his claim that the Parole Board violated his constitutional rights in revoking his post-incarceration supervision.

  **B.**  **Claims Presented in Petitioner's Original § 2254 Petition have been Procedurally Defaulted**

Petitioner has also not demonstrated that he has exhausted his state court remedies on the claims asserted in his original Petition. (R. 1). In his original Petition, Petitioner challenges the state court's imposition of a five-year term of post-incarceration and a condition of release that imposes a residency restriction. (R. 1). Petitioner alleges in effect that these conditions of release were imposed in violation of the Due Process Clause[7] because, at the time he was charged with his

---

[7]Petitioner does not set forth the constitutional violation that is the basis for the claims asserted in his original Petition. For purposes of preliminary screening, the Court assumes Petitioner is arguing that his sentence is in violation of the principles of fair warning inherent in the Due Process Clause, as he discusses

9

offense, Kentucky law did not contain these requirements.[8] A review of the appellate decisions on Petitioner's direct appeal and his appeal of the denial of his 11.42 motion do not reveal that Petitioner raised these issues in those filings. Petitioner appears to have first raised these issues in the state court on October 8, 2013, when he filed a CR 60.02 Motion in the Harrison Circuit Court. On October 10, 2013, the Harrison Circuit Court denied the Motion, finding the record supported the conclusion that Petitioner's crime occurred after the effective date of the relevant statute. (R. 1-2, at 3-4). There is no indication that Petitioner appealed this decision, and Petitioner did not argue otherwise in response to the Court's Show Cause Order.

When a petitioner has not exhausted his state remedies, the federal court must determine whether the petition should be dismissed in order to allow for the petitioner to present his claims to the state court. If a petitioner failed to present his claims in state court and would now be procedurally barred from doing so, there is a procedural default for purposes of his federal habeas claim. *Coleman v. Thompson*, 501 U.S 722, 735 n.1 (1991).

Here, Petitioner appears to have raised his claims regarding his challenge to the imposition of a five-year term of post-incarceration supervision and the residency restriction in a CR 60.02 motion, yet he failed to timely appeal the circuit court's decision. *See* CR 73.02(1)(a) (requiring notice of appeal to be filed in 30 days). In Kentucky, an untimely notice of appeal will result in

---

due process in his memorandum of law albeit in a different context, or is a violation of the Ex Post Facto Clause. *See O'Neal v. Bagley*, 743 F.3d 1010, 1015 (6th Cir. 2013) (describing principles of fair warning contained in Due Process Clause as being "in many respects the judicial counterpart to Article I's Ex Post Facto Clause") (*citing Bouie v. City of Columbia*, 378 U.S. 347 (1964)).

[8]The residency restriction imposed by Kentucky statute is applicable to all persons required to register as a sex offender. *See* KRS § 17.545; *see also Commonwealth v. Baker*, 295 S.W.3d 437, 447 (Ky. 2009) (KRS § 17.545 applies to persons committing their crime after July 12, 2006).

10

dismissal or denial. *See* CR 73.02(2). Thus, Petitioner is in procedural default on these issues.[9] *See Coleman*, 501 U.S. at 735 n.1.

Further, Petitioner's procedural default can only be excused if he can establish cause and prejudice for the failure to exhaust his claims in the state courts or if he can show actual innocence. *Nesser v. Wolfe,* 370 F. App'x 665, 670 (6th Cir. 2010); *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (*citing Wainwright*, 433 U.S. at 87). Petitioner has not demonstrated cause for his failure to exhaust and, in fact, does not explain why he did not appeal the decision. While Petitioner argues he has presented a claim actual innocence, he has not presented a credible claim.

To present a credible claim of actual innocence, a petitioner must submit new reliable evidence showing that a federal constitutional violation has probably resulted in the conviction of one who is actually innocent. *See House v. Bell*, 547 U.S. 518, 536-47 (2006) (*citing Schlup v. Delo*, 513 U.S. 298, 324-30, 327 (1995)). To demonstrate actual innocence to excuse his procedural

---

[9]Even if Petitioner's original claims were not procedurally defaulted, they would be barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). As explained in the Court's Show Cause Order (*see* R. 6), even under the most advantageous scenario, Petitioner was three months late in filing his § 2254 Petition challenging the May 9, 2008, state court judgment. In response to the Show Cause Order, Petitioner did not dispute any of the Court's factual findings set forth therein, nor did he set forth facts demonstrating that he has been pursing his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing. (R. 7). Instead, Petitioner asserted his late filing was caused by limited access to legal resources and because the legal aids, as well as himself, are not well-versed in habeas law. (R. 7-1). This Court previously explained, however, that such arguments are insufficient to demonstrate entitlement to equitable tolling. (*See* R. 6, at 5-6) (*citing Allen v.Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("ignorance of law is not sufficient to warrant equitable tolling") (*quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Ward v. Burt*, No. 2:12-cv-10009, 2013 WL 1565538, at *3 (E.D. Mich. Apr. 12, 2013) ("a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance that would toll the statute of limitations") (citation omitted); *Killebrew v. Brown*, No. 5:12CV-P108-R, 2013 WL 375481, at *2 (W.D. Ky. Jan. 30, 2013) (lack of legal assistance not grounds for equitable tolling of § 2254 petition).
    Petitioner also argued in response to the Show Cause Order that he has asserted a claim of actual innocence. (R. 7). While a credible claim of actual innocence can overcome the AEDPA's statute of limitations, *see McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1935 (2013), as explained more fully herein, Petitioner has not set forth a credible claim of actual innocence.

default, a petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner has not asserted that there is any new evidence to support a claim of actual innocence, and thus his claim of actual innocence fails.

    **C.    The Mixed Petition Should be Dismissed Without Prejudice While Petitioner Returns to State Court to Exhaust his Unexhausted Claims**

Petitioner having asserted unexhausted claims as well as claims that are deemed exhausted because they are now barred from state review by procedural default, the Court is faced with a mixed Petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005); *see also Coleman*, 501 U.S. at 732 (petitioner who defaulted federal claims in state court meets technical requirement of exhaustion since no state remedies are available to him). When faced with a mixed petition and depending on the circumstances, the Court has four options to consider: (1) dismiss the mixed petition in its entirety while petitioner returns to state court to raise his unexhausted claims; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) deny the petition on the merits if none of the petitioner's unexhausted claims have any merit. *Wagner*, 581 F.3d at 419 (*quoting Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009)).

The Supreme Court, recognizing the Court's total exhaustion requirement posed a problem with the implementation of the AEDPA's one-year statute of limitations, approved a stay and abeyance procedure in limited circumstances to provide a petitioner an opportunity to present the unexhausted claims to the state court and then return to federal court for review of the fully exhausted petition. *Rhines*, 544 U.S. at 277-79. The Supreme Court held, however, that such a procedure is appropriate in limited circumstances because it effectively excuses a petitioner's failure

to first present his claims to the state court. *Id*. at 277. Thus, the Supreme Court held that a stay and abeyance is only appropriate when there is good cause for the petitioner's failure to exhaust his claims in state court and the unexhausted claims are not plainly meritless. *Id*. Petitioner bears the burden to demonstrate that he meets these requirements. *Sueing v. Palmer*, 503 F. App'x 354, 357 (6th Cir. 2012).

Here, Petitioner asserts this Court can review his newly-asserted claims without his having raised the claims in state court because "prisoners cannot exhaust state remedies concerning parole or other administrative remedies." (R. 14, at 1). As explained, above, however, Kentucky courts provide a method for judicial review of a parole board's decisions. Thus, Petitioner has not shown good cause for failing to exhaust his claims in state court and thus a stay is not available to him. *See Rhines*, 544 U.S. at 277.

Further, Petitioner would not benefit from the Court providing him an opportunity to dismiss his unexhausted claims and to proceed with his exhausted original claims because, as explained above, those claims would be subject to dismissal on preliminary review. Thus, there appears no reason to provide Petitioner with the opportunity to dismiss his unexhausted claims to immediately proceed with his original claims. If the Petitioner should choose this option, however, he can so inform the presiding District Judge through the timely filing of objections to this Report and Recommendation.

Therefore, two options remain: 1) dismiss the mixed Petition in its entirety while Petitioner returns to the state court to present his unexhausted claims; or 2) deny the Petition on the merits if Petitioner's claims clearly lack merit. The first option will be recommended.

Petitioner's Amended Petition sets forth claims that his post-incarceration supervision was revoked in violation of his constitutional rights. At least one of these newly-asserted claims is not plainly meritless on its face. Specifically, Petitioner's claim that he was denied due process at his final revocation hearing because he did not have the assistance of counsel. (R. 14). While the Supreme Court has not held that a constitutional right to counsel attaches to every parole revocation hearing, *see Gagnon v. Scarpelli*, 411 U.S. 778, 787-90 (1973), it did hold that such decisions are to be made on a case-by-case basis and provided some general assistance. *Id*. at 790. The Supreme Court stated:

> We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees.
>
> It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. . . . Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

*Id*.

Here, Petitioner asserts that he had counsel at the preliminary revocation hearing, but was not provided counsel during the final revocation hearing. He further states that he was not given notice

of the hearing so that he could procure counsel on his own. (R. 14, at 5). Petitioner further argues that without counsel he was unable to effectively present his mitigating circumstances, which he believes justified a sanction less than revocation. Given it is not apparent that his claim is plainly meritless, the Court will recommend the state court be provided an opportunity to determine whether the Parole Board conducted an appropriate case-specific analysis, as set forth in *Gagnon*, to determine whether Petitioner was entitled to counsel at the final revocation hearing. Having found at least one of Petitioner's unexhausted claims not plainly meritless, dismissal of the Amended Petition on the merits is not being recommended. Instead, it is recommended that the matter be dismissed without prejudice to future refiling once Petitioner has properly exhausted state-court remedies.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, the Court is recommending dismissal on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Accordingly, it will be recommended that a certificate of appealability be denied upon the District Court's entry of its final order in this matter.

### IV.     CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)     Bailey's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1; R. 14) be **dismissed without prejudice** for failure to exhaust state-court remedies;

(2)     A Certificate of Appealability be denied by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(3)     This case be **stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District

Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 28th day of October, 2014.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2254 procedural default\14-305 mixed am petn dismiss without prej.wpd