UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID WAYNE BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 14-305-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DON BOTTOM, Warden, Northpoint | ) | **MEMORANDUM OPINION** |
| Training Center, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is pending for consideration of David Wayne Bailey's Petition for a Writ of Habeas Corpus, as amended, pursuant to 28 U.S.C. § 2254. [Record Nos. 1, 14] Consistent with local practice, Bailey's petition was presented to a United States Magistrate Judge for initial review and issuance of a Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(B). On October 28, 2014, United States Magistrate Judge Candace J. Smith issued her report. [Record No. 15] After summarizing the factual and procedural history of the case, Magistrate Judge Smith recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies and that a Certificate of Appealability be denied regarding all issues. Neither Bailey nor the Commonwealth of Kentucky have filed objections to the Magistrate Judge's Report and Recommendation.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. §

636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Here, Bailey has not filed timely objections to the Magistrate Judge's Report and Recommendation. Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's conclusions concerning the issues raised in Bailey's § 2254 petition.

Following his conviction for sexual abuse in the first degree involving a minor under twelve years of age, Bailey was sentenced to a five-year term of imprisonment, followed by a five-year term of conditional discharge. Additionally, Bailey was required to register as a sex offender. Bailey challenged his conviction directly and collaterally through the state system but was unsuccessful. On November 26, 2012, he was released from imprisonment and placed on supervision. As a condition of release, Bailey was required to complete the Kentucky Sex Offender Treatment Program. However, before completion of the program, the Kentucky Parole Board determined that Bailey did not comply with the conditions of his release and returned him to prison.

Several months after Bailey's release was revoked, he filed a civil action seeking injunctive relief to prohibit the defendants from enforcing the Kentucky Sex Offender

Registration Act and imposing certain conditions on him following his release from incarceration. [*See Bailey v. Issac*, U.S. Dist. Ct., E.D. Ky., Civil Action No. 7: 11-25-ART, 2012 WL 436088 (E.D. Ky).] However, that civil action was dismissed with instructions that the proper vehicle for challenging the state conviction and accompanying conditions of release was through a petition under 28 U.S.C. § 2254.

Bailey then returned to state court *via* a motion filed pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure arguing that: (1) the final criminal judgment subjected him to five years of supervision rather than three; and (2) he should not be subject to the residency restriction imposed on sex offenders. The Harrison Circuit Court denied Bailey's motion on October 10, 2013. Bailey then filed a second Rule 60.02 motion in which he sought an order directing the Department of Corrections to continue him on supervision and to allow him to re-apply for the Sex Offender Treatment Program. This second motion was denied on January 24, 2014. In relevant part, the Harrison Circuit Court determined that the relief sought was not appropriate because the revocation process for post-incarceration supervision is an executive rather than a judicial function. It does not appear that Bailey challenged either ruling on appeal.

Bailey filed the present action on July 29, 2014, raising the same issues as raised in the first Rule 60.02 motion filed in the Harrison Circuit Court on October 8, 2013. Although Bailey was directed to show cause why his petition should not be dismissed as time barred and/or procedurally defaulted, the petitioner instead chose to argue a claim of actual innocence in addition to asserting a new claim that his post-conviction incarceration was

improperly revoked. [Record No. 7] Thereafter, Bailey was permitted to amend his petition to assert additional claims that: (1) termination from the Sex Offender Treatment Program and revocation of his post-incarceration supervision violated his First Amendment rights; (2) he was denied due process when the Kentucky Parole Board held a final revocation hearing without providing him counsel and an opportunity to present mitigating circumstances; and (3) public interest would be best served by revoking the Kentucky Parole Board's decision and reinstating his supervision. [Record No. 14]

The Magistrate Judge correctly noted in her Report and Recommendation that Bailey's newly-asserted claims regarding revocation of his post-incarceration supervision have not been exhausted. As Magistrate Smith pointed out, it is not enough to assert that an appeal has been filed with the Kentucky Parole Board. Instead, Bailey must challenge that body's final determination through a mandamus action in state court. [Record No. 15, pp. 7-8] Further, to properly exhaust his claims, Bailey must alert the state courts to the fact that he is asserting claims under the United States Constitution. *Wagner v. Smith,* 581 F.3d 410, 414-15 (6th Cir. 2009).

The undersigned also agrees that the claims[1] presented in Bailey's original § 2254 petition have been procedurally defaulted because he has not exhausted state court remedies with respect to those claims. The record does not indicate that Bailey raised these issues in his direct appeal or in the denial of his motion filed pursuant to Rule 11.42 of the Kentucky

---

[1] Bailey's original claims involve the state court's imposition of a five-year term of post-incarceration supervision and a residency restriction.

Rules of Criminal Procedure. Instead, they were raised for the first time in his initial Rule 60.02 motion filed with the Harrison Circuit Court. There is no indication in the record that Bailey appealed that court's determination that his criminal offense occurred after the effective date of the relevant statute. Having procedurally defaulted these claims, they may not be raised in this proceeding, absent a showing of cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). And no such showing has been made here. Further, even if these claims were not procedurally defaulted, they would be barred by the applicable one-year statute of limitations. 28 U.S.C. § 2244(d). [*See* Record No. 15, p. 11, fn. 9.]

In evaluating the options available to the Court when, as here, a mixed petition is presented, the Magistrate Judge has recommended that the undersigned dismiss the petitionw without prejudice while Bailey returns to state court to present his unexhausted claims. [Id., p. 13] This recommendation is based, in part, on the Magistrate Judge's conclusion that at least one of the unexhausted claims is not plainly meritless on its face. For the reasons explained by the Magistrate Judge, this would appear to be the better practice to follow under the facts presented.

The Court, however, will not issue a Certificate of Appealability on any issue presented in Bailey's original or amended petition. Where, as here, the Court rejects a petition on procedural grounds without reaching the merits of the constitutional claim(s) asserted, a Certificate of Appealability will be issued unless the petitioner demonstrates that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 ( 2000). Here, reasonable jurists could not conclude that the Court is incorrect in its decision to dismiss Bailey's non-exhausted claims based on abundant authority supporting that determination. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Candace J. Smith [Record No. 15] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Bailey's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, as amended [Record Nos. 1, 14], is **DISMISSED** without prejudice, based on his failure to exhaust state remedies.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A Certificate of Appealability shall not issue with respect to any issue raised in Bailey's petition or amended petition.

This 17th day of November, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge